981 P.2d 720

STATE of Hawai'i, Plaintiff–Appellee,

v.

Norman YAMASAKI, also known as Randy, Defendant–Appellant, and Robert Bergman, Jr., and Sherry Lyn Seif, also known as Sherry Lynn Stotler, Defendants.

No. 21449.

Intermediate Court of Appeals of Hawai'i.

June 30, 1999.

As Amended July 7, 1999.

Certiorari Denied Aug. 10, 1999.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

Walter R. Schoettle, Honolulu, on the briefs, for Defendant–Appellant.

BURNS, C.J., WATANABE, and ACOBA, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Norman Yamasaki (Yamasaki) appeals the circuit court's February 24, 1998 Order Denying Defendant's Motion for Reconsideration and Reduction of Sentence and Motion for Credit for Time Served. We affirm.

In this opinion, we conclude that Hawai'i Revised Statutes (HRS) § 706–671(1) (1993) does not afford a defendant the right to credit against the sentence imposed against him or her for a criminal conviction the time that the defendant spent in prison, post-arrest and pre-sentence, as a consequence of a different criminal charge and/or conviction.

## BACKGROUND

Listed chronologically, the relevant events occurred as follows:

| | |
|---|---|
| February 6, 1995 | Yamasaki was arrested and was released pending investigation without being charged. This arrest led to the revocation of Yamasaki's parole on a prior conviction, and Yamasaki remained in prison until he was again paroled on October 1, 1996. |
| November 26, 1996 | Yamasaki was indicted for the crimes for which he was arrested on February 6, 1995. |
| February 10, 1997 | Yamasaki pled no contest to the charges for which he was arrested and indicted. |
| September 17, 1997 | Yamasaki was sentenced to six concurrent five-year terms of incarceration with a mandatory minimum of three years and four months. |
| December 11, 1997 | Yamasaki filed a Motion for Reconsideration and Reduction of Sentence pursuant to Hawai'i Rules of Penal Procedure Rule 35. |
| February 6, 1998 | Yamasaki filed a Motion for Credit for Time Served. |
| February 24, 1998 | The court entered its Order Denying Defendant's Motion for Reconsideration and Reduction of Sentence and Motion for Credit for Time Served. |

## DISCUSSION

Yamasaki was arrested on February 6, 1995. This arrest resulted in the revocation of his parole imposed for a prior conviction and caused him to spend approximately twenty months in prison until October 1, 1996. He was not sentenced for the offenses for which he was arrested on February 6, 1995 until September 17, 1997. The question is whether HRS § 706–671(1) requires that Yamasaki be given credit on the September 17, 1997 sentence for the approximately twenty months he previously spent in prison for the parole violation. The answer is no.

HRS § 706–671 states in relevant part as follows:

(1) When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following the defendant's arrest for the crime for which sentence is imposed, such period of detention following the defendant's arrest shall be deducted from the minimum and maximum terms of such sentence.

In his opening brief, Yamasaki suggests that under the facts of this case, H.R.S. § 706–671 mandates that "he be given credit for the twenty months imprisonment he served for parole violation on other charges between the time of his initial arrest on the instant charges and his indictment herein. In this respect, the trial court misconstrued

the meaning and intent of the statute in question.

■■■■ The Hawai'i Supreme Court has stated as follows:

"[T]he interpretation of a statute ... is a question of law reviewable *de novo.*" *State v. Arceo,* 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (quoting *State v. Camara,* 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996) (citations omitted)). *See also State v. Toyomura,* 80 Hawai'i 8, 18, 904 P.2d 893, 903 (1995); *State v. Higa,* 79 Hawai'i 1, 3, 897 P.2d 928, 930, *reconsideration denied,* 79 Hawai'i 341, 902 P.2d 976 (1995); *State v. Nakata,* 76 Hawai'i 360, 365, 878 P.2d 699, 704, *reconsideration denied,* 76 Hawai'i 453, 879 P.2d 558 (1994), *cert. denied,* 513 U.S. 1147, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995).

*Gray v. Administrative Director of the Court,* 84 Hawai'i 138, 144, 931 P.2d 580, 586 (1997) (some brackets added and some in original). *See also State v. Soto,* 84 Hawai'i 229, 236, 933 P.2d 66, 73 (1997). Furthermore, our statutory construction is guided by established rules:

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists....

In construing an ambiguous statute, "[t]he meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." HRS § 1–15(1) [ (1993) ]. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.

*Gray,* 84 Hawai'i at 148, 931 P.2d at 590 (quoting *State v. Toyomura,* 80 Hawai'i 8, 18–19, 904 P.2d 893, 903–04 (1995)) (brackets and ellipsis points in original) (footnote omitted). This court may also consider "[t]he reason and spirit of the law, and the cause which induced the legislature to enact it ... to discover its true meaning." HRS § 1–15(2) (1993). "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." HRS § 1–16 (1993).

*Ho v. Leftwich,* 88 Hawai'i 251, 256–57, 965 P.2d 793, 798–99 (1998) (quoting *Korean Buddhist Dae Won Sa Temple v. Sullivan,* 87 Hawai'i 217, 229–30, 953 P.2d 1315, 1327–28 (1998)).

■■■■ Under Yamasaki's interpretation, HRS § 706–671(1) has the following relevant elements:

(a) sentenced to imprisonment; and

(b) previously been detained (i) in any institution (ii) following the defendant's arrest for the crime for which sentence is imposed.

Under the State's interpretation, HRS § 706–671(1) has the following relevant elements:

(a) sentenced to imprisonment; and

(b) previously been detained (i) in any institution (ii) following the defendant's arrest (iii) for the crime for which sentence is imposed.

■■■■ HRS § 706–671 is nearly identical to *Model Penal Code and Commentaries* § 7.09 at 306–07 (Official Draft and Revised Comments 1985) (MPC). Thus, "we [may also] look to the MPC and its comments to inform our effort to glean the scope of parallel statutes contained in the [Hawai'i Penal Code (HPC) ]." *State v. Borochov,* 86 Hawai'i 183, 189, 948 P.2d 604, 610 (App.1997) (citations omitted).

The MPC's "Explanatory Note" to § 7.09(1) states in relevant part that "[s]ubsection (1) establishes the defendant's right to credit against his ultimate sentence for time served prior to the imposition of the sentence as a result of the same criminal

charge." MPC § 7.09 explanatory note at 307. Clearly, the Explanatory Note supports the State's interpretation.

In light of the above, this court has previously concluded that "the evident purpose of HRS § 706–671(1) is to credit a defendant for the time he or she is confined prior to sentencing in connection with the defendant's ultimate conviction." *State v. Mason,* 79 Hawai'i 175, 183, 900 P.2d 172, 180 (App.), *cert. denied,* 79 Hawai'i 341, 902 P.2d 976 (1995). This court subsequently applied the *Mason* interpretation of HRS § 706–671(1) in *State v. Schmidt,* 84 Hawai'i 191, 932 P.2d 328 (App.1997).

## CONCLUSION

Accordingly, we affirm the circuit court's February 24, 1998 Order Denying Defendant's Motion for Reconsideration and Reduction of Sentence and Motion for Credit for Time Served.