214 P.3d 1107

**STATE of Hawai'i, Plaintiff-Appellee,**

v.

**Blake Yasuo NAKAMURA, Defendant-Appellant.**

**No. 28836.**

Intermediate Court of Appeals of Hawai'i.

June 29, 2009.

Phyllis J. Hironaka, Deputy Public Defender, on the briefs, for Defendant-Appellant.

Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff-Appellee.

WATANABE, Acting C.J., NAKAMURA and FUJISE, JJ.

Opinion of the Court by FUJISE, J.

Defendant-Appellant Blake Yasuo Nakamura (Nakamura) appeals from the October 5, 2007 Amended Judgment and Sentence entered by the District Court of the First Circuit, Honolulu Division (district court),[1] convicting . him of the offense of Excessive Speeding in violation of Hawaii Revised Statutes (HRS) § 291C–105 (2007). As his sole issue on appeal, Nakamura challenges the imposition of a six-month driver's license suspension as a term of his sentence and argues that it is illegal. We agree with Nakamura that the district court was without authority to impose a six-month driver's license suspension for a violation of HRS § 291C–105.

### I.

Nakamura was charged with a single count of Excessive Speeding on June 25, 2007, a petty misdemeanor, for his conduct occurring on May 26, 2007.[2] Nakamura subsequently entered a plea of guilty to this charge, with

---

1. The Honorable T. David Woo presided.

2. A second count was dismissed with prejudice on May 26, 2007.

the following understanding as stated by his counsel:

> [A]fter pretrying the matter with you, your Honor, we have agreed to following [sic] your suggestion, and that is (indiscernible) agreement that fifteen hundred-dollar fine and six months suspension of the driver's license, and the (indiscernible) mandatory, and also impose thirty-six hours of community service work and a driver improvement course.
>
> THE COURT: Is that what you agreed to, Mr. Nakamura?
>
> THE DEFENDANT: Yes.

The district court eventually accepted Nakamura's plea and sentenced him to the foregoing and $75 driver education, $25 neurotrauma, and $30 criminal injury assessments.

On September 14, 2007, Nakamura filed a motion to correct illegal sentence. In his declaration in support of the motion, Nakamura's counsel maintained that

3. This Court did not follow the plea agreement between the Office of the Prosecution [sic] and the Office of the Public Defender and imposed as part of the sentence a fine of $1,500.00 and a driver's license suspension for a period of 6 months.

4. The sentence imposed by this Court exceeds the statutory maximum for both the fine and the duration of the driver's license suspension. For a first offense, the maximum sentence assessable pursuant to H.R.S. § 291C–105(a)(1), (2), (c)(1) is a $1,000.00 fine and 30 days suspension of the driver's license.

5. If a sentence does not conform to the statute, it is illegal and a court has the duty to correct the sentence pursuant to

HRPP Rule 35. *State v. Delmondo*, 67 Haw. 531, 532, 696 P.2d 344, 346 (1985).

6. In addition, H.R.S. § 291C–161(c)(2006 supp.)[3] provides: "Every person convicted of violating section ... 291C–105 shall be sentenced in accordance with [that section]."

(Footnote added).

At the hearing on his motion, Nakamura repeated his belief that his sentence for Excessive Speeding was governed by HRS § 291C–161(c), to which the district court responded by quoting from HRS § 286–125 (2007) and ruled,

> I think we have an overlapping statute here.... [N]otwithstanding, I have sentenced in accordance with that section, and I'm ... imposing a concurrent additional suspension.

The district court granted Nakamura's motion in part by reducing the fine imposed to $1000 but denied Nakamura's motion insofar as the six-month suspended driver's license term was concerned and imposed an additional thirty-day driver's license suspension to be served concurrently with the six-month license suspension. Nakamura filed his timely appeal from the judgment as amended.

## II.

As his sole issue on appeal, Nakamura argues[4] that the district court was bound by the plain language of HRS § 291C–105 and was thereby required to impose no more than a thirty-day driver's license suspension.

Statutory interpretation is "a question of law reviewable de novo." *State v. Levi*, 102 Hawai'i 282, 285, 75 P.3d 1173, 1176 (2003) (quoting *State v. Arceo*, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996)). This

---

3. HRS § 291C–161(c) (Supp.2006) provides, "Every person convicted of violating section 291C–12, 291C–12.5, 291C–12.6, 291C–95, or 291C–105 shall be sentenced in accordance with those sections."

4. We note, as a preliminary matter, that Nakamura agreed to the sentence imposed by the district court. However, agreed to or not, "a court may only pronounce a sentence 'which the law hath annexed to the crime[,]' and 'a sentence which does not conform to statutory sentencing

provisions, either in the character or the extent of the punishment imposed, is void.' " *State v. Sequeira*, 93 Hawai'i 34, 36, 995 P.2d 335, 337 (App.2000) (quoting *Territory v. Armstrong*, 22 Haw. 526, 535 (1915) and 21A Am.Jur.2d *Criminal Law* § 825 at 88 (1998)). *See also, State v. March*, 94 Hawai'i 250, 254, 11 P.3d 1094, 1098 (2000) (citations omitted) ("Although the sentencing court is given broad discretion in sentencing defendants, the sentence imposed must be authorized by statute.").

court's statutory construction is guided by established rules:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

*Peterson v. Hawaii Elec. Light Co., Inc.,* 85 Hawai'i 322, 327–28, 944 P.2d 1265, 1270–71 (1997), *superseded on other grounds by* HRS § 269–15.5 (Supp.1999) (block quotation format, brackets, citations, and quotation marks omitted).

*State v. Bayly,* 118 Hawai'i 1, 6–7, 185 P.3d 186, 191–92 (2008).

Upon review of HRS § 291C–105,[5] we conclude that the plain language of the statute requires that the sentencing court impose the list of sanctions as specified in HRS § 291C–105(c), which provides that a person who has violated the section "shall be sentenced as follows." Subsection (c) provides for suspension of a driver's license as one of the sanctions to be imposed. Thus, the duration of a first-time offender's driver's license suspension is governed by HRS § 291C–105(c)(1)(B) and is set thereby at thirty days.

The district court noted that it was imposing the six-month driver's license suspension based on HRS § 286–125.[6] HRS § 286–125 authorizes driver's license suspensions for, *inter alia,* a violation of any State traffic law and places no limit on the length of the suspension authorized. As the district court correctly noted, HRS §§ 286–125 and 291C–105 overlap with regard to the courts' authority to suspend a driver's license for violation of traffic laws and "[l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." HRS § 1–16 (1993).

However, reading HRS § 286–125 as authorizing a driver's license suspension that differs from that specified in HRS § 291C–105(c) is contrary to the courts' "foremost

---

**5.** We assume, in the absence of any contrary indication in the record, that Nakamura was, at the time of the instant offense, a first-time offender. HRS § 291C–105(c)(1) (2007) specified the penalty for a first-time offender at the time of Nakamura's offense and read,

> (c) Any person who violates this section shall be guilty of a petty misdemeanor and shall be sentenced as follows without the possibility of probation or suspension of sentence:
> (1) For a first offense not preceded by a prior conviction for an offense under this section in the preceding five years:
> (A) A fine of not less than $500 and not more than $1,000;
> (B) Thirty-day prompt suspension of license and privilege to operate a vehicle during the suspension period, or the court may impose, in lieu of the thirty-day prompt suspension of license, a minimum fifteen-day prompt suspension of license with absolute prohibition from operating a vehicle and, for the remainder of the thirty-day period, a restriction on the license that allows the person to drive for limited work-related purposes;
> (C) Attendance in a course of instruction in driver retraining;

> (D) A surcharge of $25 to be deposited into the neurotrauma special fund;
> (E) An assessment for driver education pursuant to section 286G–3; and
> (F) Either one of the following:
> (i) Thirty-six hours of community service work; or
> (ii) Not less than forty-eight hours and not more than five days of imprisonment[.]

This provision remains essentially the same today, with the addition of a trauma system special fund surcharge of up to $100 at the court's discretion. HRS § 291C–105 (Supp.2008).

**6.** HRS § 286–125 provides,

> Discretionary revocation or suspension of license by a court. In addition to the provisions for mandatory revocation of a license set forth in section 286–124, any court of competent jurisdiction may, in its discretion, revoke or suspend the license of any driver convicted of any felony in the commission of which a motor vehicle is used, or convicted of a violation of this part or of any traffic law or regulation of the State or any political subdivision thereof involving a vehicle in motion.

obligation [which] is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." *State v. Wells,* 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (quoting *Pacific Int'l Servs. Corp. v. Hurip,* 76 Hawai'i 209, 216, 873 P.2d 88, 95 (1994) (internal quotations marks omitted)). This reading resulted in, at a minimum, modifying the mix of penalties designed by the legislature when it created the offense of Excessive Speeding and included it in the Traffic Code. If there were any doubt that the legislature intended these penalties be imposed for this offense, the legislature also inserted language in the Traffic Code's general penalty provision, HRS § 291C-161, that persons convicted of violating certain specified statutes, including HRS § 291C-105, "shall be sentenced in accordance" with those specified statutes.

Moreover, giving effect to the sanction defined by HRS § 291C-105(c), was not inconsistent with the general grant of authority to suspend driver's licenses provided by HRS § 286-125. Rather, this reading of HRS § 286-125 and HRS § 291C-105 harmonizes the two provisions as it recognizes the authority vested in the courts by the legislature to impose license suspensions for violations of traffic laws generally, but also gives force and effect to the legislature's sentencing scheme for violations of the specific offense of Excessive Speeding.

### III.

As a six-month driver's license suspension was not authorized by HRS § 291C-105(c), we vacate the sentence imposed in the October 5, 2007 Amended Judgment and Sentence entered by the District Court of the First Circuit, Honolulu Division and remand for resentencing consistent with this opinion.