**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW BECKSTRAND, | No. 14-15900 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00597-SOM-BMK |
| v. | |
| THOMAS READ and NETTIE SIMMONS, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES 1 - 10, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted February 21, 2017**
Honolulu, Hawaii

Before:  KOZINSKI, HAWKINS, and BEA, Circuit Judges.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Matthew Beckstrand appeals the district court's grant of summary judgment in favor of Thomas Read and Nettie Simmons. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in granting Read and Simmons' motion for summary judgment on statute of limitations grounds. Hawaii's two-year statute of limitations for personal injury actions applies to Beckstrand's claims under 42 U.S.C. § 1983. *See* Haw. Rev. Stat. § 657-7 ("Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued . . . ."); *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) ("Because § 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims.") (citation omitted). Although state law determines the applicable limitations period, federal law governs when claims under 42 U.S.C. § 1983 accrue. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999)). Beckstrand alleges he was told by Simmons in October 2008 that the Hawaii Department of Public Safety would not honor the credit for time served that Beckstrand claims he

was owed. Beckstrand could have filed an action for declaratory relief as soon as he learned from Simmons that the Hawaii Department of Public Safety allegedly miscalculated the end date of his parole. Beckstrand instead filed suit against Read and Simmons on September 30, 2011. Because Beckstrand filed his suit against Read and Simmons more than two years after he learned the Hawaii Department of Public Safety would not honor the credit for time served he claims he was owed, the applicable statute of limitations bars his claims.

2. Even if the statute of limitations did not bar Beckstrand's claims, Read and Simmons would be entitled to qualified immunity. Read and Simmons calculated the end date of Beckstrand's parole in accordance with the Hawaii statute and Hawaii Supreme Court precedent governing the application of credit for time served. *See* Haw. Rev. Stat. § 706-671(3) (2012); *State v. March*, 11 P.3d 1094, 1099 (Haw. 2000) ("[A] sentence that credits [a defendant] with the time served for an unrelated offense is illegal because the sentencing court is not authorized by chapter 706 to grant such a credit."). "[W]hen a public official acts in reliance on a duly enacted statute or ordinance, that official is entitled to qualified immunity." *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 965 (9th Cir. 2010) (quoting *Dittman v. California*, 191 F.3d 1020, 1027 (9th Cir. 1999)). Although the district court erred in holding that Read and Simmons would

3

not be entitled to qualified immunity, the district court did not err in granting Read and Simmons' motion for summary judgment on statute of limitations grounds.

**AFFIRMED.**