**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000609
24-AUG-2022
07:57 AM
Dkt. 54 SO**

NO. CAAP-20-0000609

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MARC ALLAN MORRIS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(CASE NO. 2DTC-18-006704)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Marc Allan Morris (**Morris**) appeals from the September 8, 2020 Sua Sponte Order Setting Aside Order, Reinstating Restitution Balance and Setting Proof of Compliance Hearing (**Reinstatement Order**), and the October 1, 2020 Order and Notice of Entry of Order (**Order Denying Reconsideration**), entered in the District Court of the Second Circuit, Wailuku Division (**District Court**).[1]

---

[1] The Honorable Blaine J. Kobayashi presided.

Morris raises two points of error on appeal, contending that: (1) the Reinstatement Order constitutes an illegal sentence because restitution is not an authorized disposition for violations; and (2) the District Court erred in issuing the Reinstatement Order and increasing Morris's monthly payments from $10.00 to $25.00 without notice, without a hearing, without the opportunity to present evidence and argument, and without the opportunity to confront and cross-examine witnesses.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Morris's points of error as follows:

(1) Restitution is an authorized disposition for crimes, but not violations. See Hawaii Revised Statutes (**HRS**) § 706-646 (2014 & Supp. 2017). Lack of Due Care is a violation. See HRS § 701-107 (2014); Maui County Code (**MCC**) § 10.72.020 (1983) ("Any person convicted of a violation of any section or provision of this title shall be punished by a fine[.]"); MCC § 10.08.050 (1980) ("[i]t is a violation for any person to do any act forbidden or fail to perform any act required in this title"); State v. Fukuoka, 141 Hawaiʻi 48, 52 n.1, 404 P.3d 314, 318 n.1 (2017) (stating that lack of due care, in violation of MCC § 10.52.010 (1965), "constitutes a violation punishable by a fine"). Accordingly, restitution is not an authorized disposition for Lack of Due Care, and the District Court could

not impose restitution as part of Morris's sentence for Lack of Due Care.  See State v. Nakamura, 121 Hawaiʻi 117, 118 n.4, 214 P.3d 1107, 1108 n.4 (App. 2009) ("[A]greed to or not, 'a court may only pronounce a sentence which the law hath annexed to the crime, and a sentence which does not conform to statutory sentencing provisions, either in the character or the extent of the punishment imposed, is void'" (citations, internal quotation marks, and brackets omitted)).

We conclude that the District Court erred in reinstating restitution and in denying Morris's Motion for Reconsideration.[2]

(2)  In light of our resolution of Morris's first point of error, we need not address the second one.

---

[2]  The State concedes that "restitution could not have been ordered as part of Morris'[s] sentence, the plea agreement notwithstanding."  However, the State asserts, for the first time on appeal, that Morris's pleas and convictions should be vacated, and that the State should be allowed on remand to either (1) proceed with a change of plea hearing and sentencing on the remaining charges under the parties' original plea agreement, or (2) withdraw from the plea agreement and reinstate the Inattention to Driving charge.  The State failed to raise such arguments before the District Court, and thus waived them on appeal.  See State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal.").  Moreover, the State expressly stated that it had no objection to Morris's motion to strike the restitution amount, and did not object when the District Court struck the Restitution Order.

For the foregoing reasons, the District Court's September 8, 2020 Reinstatement Order and October 1, 2020 Order Denying Reconsideration are reversed.

DATED: Honolulu, Hawaiʻi, August 24, 2022.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge